UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **Jill Caruso,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17-cv-10470 |
| v. | ) | |
| | ) | |
| **BIRCH RUN LODGING, INC.**, a Michigan | ) | Judge: |
| corporation for profit, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **BIRCH RUN LODGING, INC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government; and 28 U.S.C. §

1367, as Count II utilizes the same core of operative facts as Count I, and is therefore

subject to supplemental jurisdiction.

3.      Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of

the property *situs*.  The Defendant's property and operations complained of by Plaintiff

are located in this judicial district, where the business of public accommodation is

conducted, including the acts complained of herein.

## PARTIES

4.      Plaintiff, JILL CARUSO  ("Plaintiff") is a Michigan resident, is *sui juris*, and qualifies as

an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R.

36.104.

5.      Defendant **BIRCH RUN LODGING, INC.** operates and owns a Country Inn & Suites

by Carlson located at 12112 S Beyer Rd, Birch Run, MI 48415 in Saginaw County.

Plaintiff has patronized Defendant's hotel as an overnight guest and business lodging

guest previously as a place of public accommodation.

6.      Upon information and belief, the facilities owned by **BIRCH RUN LODGING, INC.**

are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases,

leases to, or operates a place of public accommodation as defined by the ADA and the

regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is

responsible for complying with the obligations of the ADA.  Defendant's facilities as a

hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7.      Plaintiff, JILL CARUSO is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff uses a wheelchair for mobility.  As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  JILL CARUSO has visited and been an overnight guest at the property which forms the basis of this lawsuit on August 19, 2016 and plans to return to the property to avail herself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety.

8.      Plaintiff is a Monroe, Michigan resident and was in Birch Run, Michigan as a result of her employment and returns to Birch Run often.  She is also very active with disability advocacy groups including spokesperson pageants for promotion of disability rights, public speaking, and disability advocacy fashion shows. These activities also cause her to frequent the Birch Run area and its establishments.

9.      During the Plaintiff's overnight stay, she encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

10.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.    Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12.    The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13.     The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14.     A preliminary inspection of **Country Inn & Suites by Carlson**, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes and Parking

A.  There are cracks and changes in level in excess of ¼ inch along the accessible route to the hotel entrance, in violation of the ADA whose remedy is readily achievable.

B.  Access aisles at designated accessible parking spaces do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

C.  No accessible route into the hotel due to non-compliant curb cuts, in violation of the ADA whose remedy is readily achievable.

D.  The hotel stairways are not fitted with required handrails on both sides in violation of the ADA whose remedy is readily achievable.

E.  There is not an accessible route provided from the facility site arrival points to the public streets, sidewalks and public transportation stops in violation of section 206.2.1 of the 2010 Standards whose remedy is readily achievable.

Lobby Restroom

F.  There are exposed water supply and drain pipes under lavatories and sinks in violation of the ADA whose remedy is readily achievable.

G.  The grab bars at water closet are not compliant lengths or configuration in violation of the ADA whose remedy is readily achievable.

H.  The toilet paper dispenser is not located in compliance with the ADA implementing regulations whose remedy is readily achievable.

I.   There amenities mounted in excess of allowable reach ranges in violation of the ADA whose remedy is readily achievable.

J.   The mirror located above vanity is mounted in excess of  permitted height above the finish floor to the reflective surface in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

K.   There are room amenities mounted in excess of accessible reach range, in violation of the ADA whose remedy is readily achievable.

L.   The grab bars located around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

M.   The mirror is mounted in excess of the allowable height, in violation of the ADA whose remedy is readily achievable.

N.   The restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

O.   There is insufficient and non-compliant clear floor space maneuvering clearance around the water closet due to the positioning of the lavatory, in violation of the ADA whose remedy is readily achievable.

P.   There is insufficient and non-compliant clear floor space and maneuvering clearance for wheelchair users to access the bed and amenities in the room, in violation of the ADA whose remedy is readily achievable.

Q.   The lavatory inside the guestroom lacks knee and toe clearance and is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

R.   The curtain adjusters are located in excess of allowable reach range and require tight-grasping or twisting, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

S.   The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

14.   The discriminatory violations described in Paragraph 13 by Defendant **BIRCH RUN LODGING, INC.** is not an exclusive list of the Defendant's ADA violations.  Plaintiff

requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15.     Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.     The hotel at issue, as owned and operated by **BIRCH RUN LODGING, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq*.

20.     Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21.     **BIRCH RUN LODGING, INC.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
valeriefatica@gmail.com

*Admitted to bar of the E. District of MI

10